UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ANTHONY HARVEY                      CIVIL ACTION

VERSUS

                                         NO: 13-cv-00311-JJB-RLB

MAJOR DAVID DAVIS, ET AL.

## RULING ON MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Defendants' Motion (doc. 83) for Summary Judgment. This Motion was filed by Defendants Major David Davis, Sergeant Laternca Brown, Sergeant Rachel, Sergeant Woods and Lieutenant Franklin (collectively known as "Defendants"). The Complaint (doc. 1) filed by Plaintiff, Anthony Harvey, includes a section 1983 claim of excessive force while imprisoned at Louisiana State Prison ("LSP").

## BACKGROUND

On September 2, 2012 at approximately 8:30 a.m., Plaintiff was in the Tiger 3 and 4 recreation yard. It was here where Plaintiff encountered Sgt. Brown. According to Sgt. Brown, Plaintiff unzipped his pants and began masturbating in her clear sight (doc. 83-2 at 2). Sgt. Brown states that she hit her beeper after instructing Plaintiff to stop and him refusing. According to Sgt. Brown, Plaintiff got angry and stated that she could not hit the beeper on him because he did not do anything wrong. Major Davis and Captain Savoy responded to the beeper. Plaintiff claims the two threw him into the fence and slammed him into the ground before conducting any investigation (doc. 1 at 3). According to Captain Savoy, he ordered Plaintiff to place his arms behind his back and Plaintiff refused, Plaintiff was given several more verbal orders to comply and be restrained and Plaintiff refused (doc. 83-1 at 7). Captain Savoy claims that he grabbed Plaintiff's arm in an attempt to place handcuffs on him but Plaintiff resisted. It

1

was at this point, Captain Savoy claims to have placed Plaintiff in a wristlock, took him to the ground, and then placed him in restraints.

Plaintiff was taken to Tiger 1 showers and later placed in Administration Segregation (doc. 1 at 3). Plaintiff claims that he was beaten, kicked and stomped while he was restrained, all the while being verbally abused. Plaintiff states that the leg manacles were removed and that Major Davis instructed him to remove his clothing (doc. 1 at 4). Plaintiff claims that Major Davis sprayed him twice with a chemical, later identified as Sabre Red, and instructed Plaintiff to turn on the water. Plaintiff refused because he knew that the mixing of the chemical and warm water would create an intense burning sensation. Plaintiff claims that he was sprayed with more chemical after refusing to turn on the water. Both Major Davis and Captain Westbrook claimed that the chemical agent was used because Plaintiff was being unruly (doc. 83-2 at 16). Major Davis weighed the can before (154g) and after (114g) use (doc. 83-1 at 11). Plaintiff was then given a clean jump suit and placed back in restraints (including black box and leg manacles) (doc. 1 at 4). Plaintiff was escorted to the main prison for treatment for his injuries. Plaintiff claims that he was again beaten from the lobby area all the way to the transportation van by Major Davis. Plaintiff also claims that Sgts. Rachel and Woods assisted in the beating while he was restrained (doc. 1 at 5). Defendants claim that Sgts. Rachel and Woods have no personal knowledge of the incident (doc. 83-1 at 8-9).

## **STANDARD OF LAW**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. Rule Civ. P. 56(a). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the burden at trial rests on the non-moving party, the moving party need only demonstrate that the record lacks

sufficient evidentiary support for the non-moving party's case. *Id.* The moving party may do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. Rule Civ. P. 56(c)(1).

Although the Court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996). Similarly, "[u]nsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991), cert. denied, 507 U.S. 1051. If, once the non-moving party has been given the opportunity to raise a genuine fact issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party. *Celotex*, 477 U.S. at 322.

The Supreme Court ruled that the use of excessive physical force against a prisoner may constitute cruel and unusual punishment even though the inmate does not suffer serious injury. *Hudson v. McMillain, et al.*, 112 S.Ct. 995 (1992). An inmate alleging excessive force in violation of the Eight Amendment must prove that force was objectively unreasonable and constituted an unnecessary and wanton infliction of pain. *Id.*

## **DISCUSSION**

Defendants must show that the evidence submitted by Plaintiff is insufficient to prove the existence of one or more essential elements of an excessive force claim. Defendants claim that Plaintiff has failed to clearly state any Eight Amendment violations; however, they do not deny the Plaintiff's claim that force was used to restrain him and that chemical agents were used.

3

Defendants do not deny taking Plaintiff to the Medical Center shortly after the incident. The Plaintiff's medical records were admitted into evidence and indicated that he did not suffer any serious injury. In an excessive force case, the Supreme Court has held that use of excessive physical force against prisoners may constitute cruel and unusual punishment even though the person does not suffer serious injury. *Id*.

Defendants claim that Plaintiff was being unruly and that the use of force and of the chemical agent was used to restore order. According to the rule stated in both parties arguments, the use of chemical agent may only be used for one of three reasons: (1) to quell riot and/or prevent loss of life, serious injury to person(s) and/or extensive destruction of property, (2) to quell a disturbance that could lead to a serious situation which may jeopardize the safety, security and good order of the institution, or (3) to regain control of the institution or part of it. As the movant for summary judgment, Defendants have not carried their burden of showing that there is no genuine dispute as to the reasonableness of using chemical agent on Plaintiff.

## CONCLUSION

Defendant has failed to show that the evidence submitted by Plaintiff is insufficient to prove the existence of one or more essential elements of an excessive force.

Defendants' Motion (doc. 83) for summary judgment is **DENIED**.

Signed in Baton Rouge, Louisiana, on July 21, 2015.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**