UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ANTHONY HARVEY

CIVIL ACTION

VERSUS

NO. 13-311-JJB-RLB

MAJOR DAVID DAVIS, ET AL.

### RULING ON MOTIONS IN LIMINE

These matters are before the Court on two motions in limine. The first is a Motion in Limine (Doc. 92) filed by the plaintiff to suppress testimony and evidence relating to any disciplinary action taken against the plaintiff. This motion is unopposed. The second is a Motion in Limine (Doc. 93) filed by the defendants to exclude certain witnesses, exhibits, and testimony. The plaintiff filed an opposition (Doc. 96-2). Oral argument is unnecessary. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons stated herein, the Court **DEFERS** the plaintiff's Motion in Limine (Doc. 92), and **DENIES in part, DEFERS in part, and GRANTS in part** the defendants' Motion in Limine (Doc. 93).

**I.**  **Plaintiff's Motion in Limine** (Doc. 92)

The plaintiff seeks to prohibit the defendants from introducing testimony or other evidence relating to any disciplinary action and the disposition thereof taken against the plaintiff, Anthony Harvey ("Harvey"). *Pl.'s Supp. Mem.* 1, Doc. 92-2. The plaintiff anticipates the defendants introducing evidence or testimony that the plaintiff was found guilty of a disciplinary infraction in order to convince the jury that the plaintiff "deserved what he got or as justification for the action taken against him." *Id.*

At this time, the Court declines to determine the admissibility of evidence concerning disciplinary matters, including the disposition of any disciplinary report and ARP disposition.

1

Disciplinary reports prepared by prison officials are out-of-court statements that if used to prove the truth of the matters asserted therein, constitute hearsay under Rule 801(c) of the Federal Rules of Evidence. The statements may be admissible under the exception to the hearsay rule provided in Rule 803(8), which allows for the admission of "factual findings from a legally authorized investigation." This exception does not apply if "the sources of information or other circumstances indicate lack of trustworthiness." Fed. R. Evid. 803(8)(B). The Court has not been supplied with information about the disciplinary actions taken against the plaintiff, nor information relating to any disciplinary reports or dispositions. Without this information, the Court is unable to make a "trustworthiness" determination. Accordingly, this issue will be addressed at trial and handled in accordance with the applicable Federal Rules of Evidence and governing law. Therefore, the plaintiff's Motion in Limine (Doc. 92) is **DEFERRED** until trial.

## II.     Defendants' Motion in Limine (Doc. 93)

### A.     Employee Manual and Medical Summary

The defendants seek to exclude the Louisiana Department of Corrections Employee Manual because it is "very broad and irrelevant," as well as a Medical Record Summary prepared by the plaintiff's counsel because it is "not the best evidence, nor does it meet the requirements of Rule 1006 of the Federal Rules of Evidence." *Dfs.' Supp. Mem.* 2, Doc. 93-1. The Court was not provided with a copy of either of these exhibits in order to review them and determine their admissibility. Therefore, at this time the Court declines to determine the admissibility of evidence concerning the Louisiana Department of Public Safety and Corrections Employee Manual and the Medical Record Summary. Accordingly, the determination of the admissibility of these exhibits is **DEFERRED** until trial.

### B.      Prior Acts and Disciplinary Complaints Regarding Major Davis

The defendants also ask the Court to exclude the testimony of a number of plaintiff's named inmate-witnesses.[1] The defendants argue that this testimony should be excluded on the grounds that the testimony is not relevant, unfairly prejudicial to defendants, and prohibited character evidence. *Dfs.' Supp. Mem.* 1–4, Doc. 93-1. Additionally, the defendants argue that the testimony of these inmate-witnesses "would only waste time, confuse the issues of this case and mislead the jury" in contravention to Rule 403 of the Federal Rules of Evidence.

In the plaintiff's Proposed Pretrial Order (Doc. 88), inmate-witnesses were either listed without a description of the testimony they would give,[2] as giving testimony relating to prior acts of one of the defendants (Major Davis),[3] or giving testimony relating to the events of September 2, 2012.[4] To the extent the plaintiff intends to call inmate-witnesses who will testify about events they witnessed on September 2, 2012 and/or the condition of Harvey after the incident, their testimony is clearly relevant and admissible. Thus, the defendants' Motion in Limine (Doc. 93) is **DENIED** as it relates to Alfred Houston #78652, Brent Edward Jordan #416976, John Rogers #110573, and Donald Harris #87325. To be clear, the Court will allow these inmate-witnesses to testify only insofar as their testimony relates to the events of September 2, 2012 and/or the condition of Harvey.

---

[1] Specifically, the defendants seek to exclude the following witnesses: Alfred Houston #78652, Curtis Keating #352843, Roy Jones #446468, Samuel Walker #409230, Jessie Brown #115382, Justin Savoy #486279, James Ross #117620 or 409503, Brent Edward Jordan #416976, John Rogers #110573, Morgan Spencer #342097, Derrick Clay #441751, Nathan Williams #403558, Donald Harris #87325 and Joseph Savoy #270087.
[2] The inmate-witnesses that included in the Pretrial Order without a narrative description of their testimony are: Curtis Keating #352843, Roy Jones #446468, Samuel Walker #409230, Jessie Brown #115382, Justin Savoy #486279, and James Ross #117620 or 40950, Morgan Spencer #342097, Derrick Clay #441751, and Nathan Williams #403558. *See Pl.'s Pretrial Order* 11–13, Doc. 88.
[3] This inmate-witness is Joseph Savoy #270087.
[4] The Court has identified the following inmate-witnesses as having witnessed the events on September 2, 2012: Alfred Houston #78652, Brent Edward Jordan #416976, John Rogers #110573, and Donald Harris #87325

The admissibility of the remaining inmate-witnesses' testimony is more complicated. As best the Court can tell, the prior bad acts that the plaintiff seeks to introduce relate to Major Davis using excessive force on individuals other than the plaintiff and prior instances of falsifying documents. The plaintiff asserts that prior acts by Major Davis are not being offered as character evidence, but rather will be offered to prove Major Davis' intent.[5] According to the plaintiff, the inmate witnesses will testify that Major Davis has "in multiple instances inflicted unnecessary and/or excessive force and/or corporal punishment on inmates" that evidences a callous indifference to federally protected rights where it may not be shown by a single incident. *Pl.'s Opp'n* 2–4, Doc. 96-2.

Generally, evidence of similar bad acts by a defendant is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Fed. R. Evid. 404(b)(1). However, evidence of similar bad acts may be admissible for another purpose, such as proving motive or intent. *Id.* at 404(b)(2). The Fifth Circuit has construed Rule 404(b) to mandate a two-step analysis when addressing the admissibility of other bad acts by a defendant. *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc). First, the Court must determine that the extrinsic evidence offered is relevant to an issue other than the defendant's character. *Id.* Second, the Court must determine that the evidence possesses probative

---

[5] Because the plaintiff does not attempt to persuade the Court that these inmate-witnesses will testify as eyewitnesses to the events of September 2, 2012, the Court assumes for the purposes of this ruling that they will only be called to testify about the prior bad acts of Major Davis. The Court notes, however, that should these inmate-witnesses have any other relevant testimony, plaintiff's counsel shall inform the Court at the upcoming Pretrial Conference currently scheduled for January 19, 2016 at 1:30 P.M. *Order* 1, Doc. 91. The admissibility of such inmate-witnesses' testimony will be ruled on at trial. Additionally, the Court notes that at a Pretrial Conference held on November 5, 2015, plaintiff's counsel indicated that the inmate-witnesses listed without a narrative in the Pretrial Order would be stricken from the witness list. However, because these Motions in Limine were subsequently filed in December without any indication that these witnesses were stricken, the Court proceeds on the assumption that the plaintiff still intends to call these inmate-witnesses to testify about the prior bad acts of Major Davis.

value that is not substantially outweighed by its undue prejudice and the other requirements of Rule 403. *Id.*

In order to show that Major Davis' prior acts are relevant to intent, the plaintiff points towards the standard of "deliberate indifference," which may be established by showing a pattern of brutality. However, deliberate indifference and the evidence of a pattern of brutality are only relevant when a prison official's failure to act is at issue, and has no relevance for claims against officers for using excessive force. *Granger v. Babin*, Civil Action No. 12-628-JJB-SCR, 2014 WL 4211309, at *2 (M.D. La. Aug. 25, 2014). Here, the plaintiff has not alleged that a prison official failed to act, but rather claims that Major Davis used excessive force. Accordingly, inmate-witness testimony relating to prior acts is not relevant to this case claiming excessive force.

The plaintiff's second argument as to why the inmate-witnesses' testimony is relevant relates to plaintiff's claims for punitive damages. *Pl.'s Opp'n* 4–5, Doc. 96-2. A jury may award punitive damages in a federal civil rights action based on 42 U.S.C. § 1983 "when the defendant's conduct is shown to be motivated by evil or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Granger*, 2014 WL 4211309, at *2 (citing *Smith v. Wade,* 461 U.S. 30, 56 (1983)). In the instant case, Harvey is the only plaintiff, and the only relevant issue is whether the officers involved used excessive force in the incident that occurred on September 2, 2012. The inmate-witnesses' testimony about alleged prior incidents does not tend to prove that the officer-defendants' specific conduct on September 2, 2012, was in any way motivated by evil motive or intent, or involved reckless or callous indifference to the federally protected rights of the plaintiff. Thus, the Court finds that the inmate-witnesses' testimony relating to prior acts by Major Davis is not relevant in this case about one incident of alleged excessive force on September 2, 2012. *See id.*

Moreover, even assuming these prior bad acts were relevant, the Court would still find that the probative value of this evidence is substantially outweighed by its undue prejudice and the other requirements of Rule 403. The testimony relating to prior bad acts of Major Davis would do more to distract the jury by suggesting that the defendants committed the bad acts alleged on September 2, 2012. Therefore, as it relates to those inmate-witnesses who would testify about prior bad acts of Major Davis, the defendants' Motion in Limine (Doc. 93) is **GRANTED** and their testimony is inadmissible. However, the Court notes that should those inmate-witnesses whose testimony was not described in the plaintiff's Pretrial Order have any other relevant testimony about the events of September 2, 2012, the Court will rule on the admissibility of their testimony at trial.

**III.    Conclusion**

For the reasons assigned herein, the plaintiff's Motion in Limine (Doc. 92) is **DEFERRED** until trial. The defendants' Motion in Limine (Doc. 93) is **DENIED IN PART, DEFERRED IN PART, AND GRANTED IN PART**. As the defendants' motion relates to evidence concerning the Louisiana Department of Public Safety and Corrections Employee Manual and the Medical Record Summary, it is **DEFERRED**. As the defendants' motion relates to excluding the testimony of inmate-witnesses, it is **DENIED** as it relates to eyewitness testimony of the aforementioned inmate-witnesses, and **GRANTED** as it relates to inmate-witnesses who will be called only to testify about the prior bad acts of Major Davis.

Signed in Baton Rouge, Louisiana, on January 6, 2016.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**